# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

AMETRA L. SULTON,

     Plaintiff,

v.                                     Case No. 12-CV-14659

COLONIAL MANOR APARTMENTS,

     Defendant,

_____/

## OPINION AND ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT UNDER 28 U.S.C. § 1915(e)(2)

Plaintiff Ametra Sulton initiated this action pro se against Defendant Colonial Manor Apartments. Contemporaneous to filing her complaint, Plaintiff submitted an application to proceed *in forma pauperis*. The court will grant Plaintiff's application to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915(a)(1), and then dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2).

The Supreme Court has stated that § 1915 was "designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams,* 409 U.S. 319, 324 (1989). "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* Thus, complaints filed by a plaintiff proceeding *in forma pauperis* are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous,

fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

The Supreme Court has interpreted the term "frivolous," with respect to a complaint, to embrace "not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325.  Thus, a complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Id.; see also Brown v. Bargery*, 207 F.3d 863 (6th. Cir. 2000).

To state a claim upon which relief may be granted, a plaintiff must show "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The court must construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true.  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)); *Evans-Marshall v. Bd. of Educ.,* 428 F.3d 223, 228 (6th Cir. 2005).  Yet, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

In this case, Plaintiff's Complaint fails to state a federal claim.  Her six-page, handwritten complaint appears to allege some sort of rental dispute between her and Defendant.  She does not specify what type of claim she is pursuing and, even if she did, the claim must undoubtedly be brought in state court, not federal court.  "Federal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Marine Equip. Mgmt. Co. v. United States*, 4 F.3d 643, 646 (8th Cir. 1993).  "It is to be presumed that a

2

cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Plaintiff makes no attempt to identify a federal cause of action, and the amount in controversy appears to be well below the threshold required for diversity jurisdiction. *See* 28 U.S.C. §§ 1331 & 1332.

Moreover, based on Plaintiff's complaint, a state court action has already proceeded through judgment. To the extent she seeks review of that state action, this court lacks subject matter jurisdiction over these claims under the *Rooker-Feldman* Doctrine. *See Gottfried v. Med. Planning Serve., Inc.*, 142 F.3d 323, 330 (6th Cir. 1998). Under the *Rooker-Feldman* doctrine, inferior federal courts lack authority to perform appellate review of state court decisions. *See, e.g.*, *Hart v. Comerica Bank*, 957 F. Supp. 958, 968-70 (E.D. Mich. 1997) (describing the *Rooker-Feldman* Doctrine).

As is plainly evident, Plaintiff fails to (1) to identify any cause of action, (2) allege any facts in support of a cause of action, or (3) provide sufficient notice of the nature of her claim to allow Defendant to respond to the complaint. The court must therefore dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2). Accordingly,

IT IS ORDERED that Plaintiff's application to proceed *in forma pauperis* [Dkt. # 2] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED WITH PREJUDICE pursuant to 42 U.S.C. § 1915(e)(2)(B), for failure to state a claim upon which relief may be granted.

　　　　　　　　　　　　　　S/Robert H. Cleland
　　　　　　　　　　　　　　ROBERT H. CLELAND
　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Dated:  November 19, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 19, 2012, by electronic and/or ordinary mail.

　　　　　　　　　　　　　　S/Lisa Wagner
　　　　　　　　　　　　　　Case Manager and Deputy Clerk
　　　　　　　　　　　　　　(313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\12-14659.SULTON.1915.Dismissal.wpd

4